*Friday, April 9, 1993*

## MERIT DOCKET

**90–1430.** State ex rel. Auto. Dealers Assn. of E. Ohio, Inc. v. O'Brien. In Mandamus. This cause came on for further consideration upon the filing of relators' motion for an order directing the respondent to show cause why she should not be punished for contempt and assessed a penalty. Upon consideration of the joint motion to set deadline for compliance with the writ of mandamus issued by the court on August 9, 1991,

IT IS HEREBY ORDERED by the court, effective April 8, 1993, that respondent shall have until and including July 26, 1993, to comply substantially with the writ of mandamus and that respondent shall maintain substantial compliance with the writ of mandamus through 1996.

IT IS FURTHER ORDERED by the court that if respondent fails to meet the deadlines set forth in this entry or to maintain compliance with the writ of mandamus through 1996, relators may file a notice with the court supported by an affidavit stating the fact of the failure.

IT IS FURTHER ORDERED that, within fourteen days of the filing of relators' notice, the respondent may file an affidavit purporting only to controvert the truth of the statements contained in relators' affidavit, but may not contend that compliance with the writ of mandamus is impossible.

IT IS FURTHER ORDERED that, if respondent fails to or is unable to controvert the truth of the statements in relators' affidavit, the court may find respondent in contempt, may fine the respondent in an amount determined appropriate by the court and, upon request of relators, may order respondent to pay relators' reasonable attorney fees incurred from July 16, 1992 through the date of the court's entry finding contempt.

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

## MOTION DOCKET

**90–177.** State v. Hill. *Trumbull County,* Nos. 3720 and 3745. This court received notification from the Supreme Court of the United States that said court on March 29, 1993, entered an order in No. 92–7104, *Danny Lee Hill v. Ohio,* which stated:

"On consideration of the petition for a writ of certiorari herein to the Supreme Court of Ohio, IT IS ORDERED by this Court that said petition be, and the same is hereby, denied."

Upon consideration that the stay of execution of sentence granted by this court on October 22, 1992, was conditioned upon final disposition of said petition to the Supreme Court of the United States, and it appearing to this court that the Supreme Court of the United States has rendered such final disposition of said petition,

IT IS ORDERED that said stay is hereby terminated as of the date of this entry, April 8, 1993.

IT IS HEREBY ORDERED by this court that said sentence be carried into execution by the Warden of the Southern Ohio Correctional Facility or, in his absence, by the Deputy Warden on Wednesday, the 7th day of July, 1993, in accordance with the statutes so provided.

IT IS FURTHER ORDERED that a certified copy of this entry and a warrant under the seal of this court be duly certified to the Warden of the Southern Ohio Correctional Facility and that said Warden shall make due return thereof to the Clerk of the Court of Common Pleas of Trumbull County.